Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiffs*
And the putative class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT MORALES, BRANDON CALLIER, and LUCAS HORTON, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VAJIRA SAMARARATNE,<br><br>Respondent. | Case No.:  8:24-MC-00010-DFM<br><br>**DISCOVERY MATTER**<br><br>PLAINTIFFS' NOTICE OF MOTION FOR CERTIFICATION OF FACTS AND REQUEST FOR HEARING BEFORE THE DISTRICT JUDGE TO DETERMINE WHETHER VAJIRA SAMARARATNE SHOULD BE HELD IN CIVIL CONTEMPT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Judge: Douglas F. McCormick<br>Hearing: November 12, 2024<br>Time: 10:00 a.m. |

## NOTICE OF MOTION AND MOTION TO COMPEL

TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on November 12, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6B, on the 6th Floor of the Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA 92701, before the Hon. Douglas F. McCormick, Plaintiffs KURT MORALES, BRANDON CALLIER, and LUCAS HORTON ("Plaintiffs"), by and through their attorneys of record, will and hereby do move the Court under Fed. R. Civ. P. 45, 26, and 37, for an Order certifying facts and request for a hearing before the district judge to determine whether Vajira Samararatne should be held in civil contempt.

This Motion is based on this notice of motion and motion, the Declaration of Mark L. Javitch submitted herewith, and any exhibits attached thereto.

Dated: September 25, 2024                    Respectfully submitted

By: /s/ Mark L. Javitch
Mark L. Javitch

*Attorneys for Plaintiffs
and the putative class*

## I. INTRODUCTION

This is a subpoena enforcement action in arising out of *Morales v. Sunpath Ltd., et al.*, Case No. 20-cv-1376 JLH-SRF (D. Del.) ("Underlying Action")—a Telephone Consumer Protection Act class action against numerous companies that conspire to sell vehicle service contracts through illegal robocalling. The illegal robocalling is conducted by small group of serial offenders who operate a web of fly-by-night entities that form and dissolve shortly thereafter to attempt to avoid liability for their unlawful conduct including violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

Respondent Vajira Samararatne ("Samararatne") participates in several aspects of the placement of the unlawful robocalls, including running call centers that place prerecorded calls and transfer called person calls to sales agents, and co-owns and runs one or more of these call center companies, including Defendant Pelican Investment Holdings Group, LLC ("Pelican"). Samararatne also ran a company called "Market Management Solutions" ("MMS") that also initiated robocalls using prerecorded voices and transferred calls to Pelican and other companies associated with Renny, including Pelican, to sell the products of defendants Sunpath Ltd., Sing for Service, LLC, Northcoast Warranty Services, Inc., and Amtrust North America, Inc.

In the course of the Underlying Action, Pelican and certain other defendants have refused to respond to discovery requests, defend motions to compel filed by Plaintiffs, and disobeyed Court orders directing them to comply. Plaintiffs issued a subpoena for documents and other things to Vajira Samararatne personally as a result. Samararatne failed to meet and confer and Plaintiffs moved to compel, but Samararatne failed to respond to the Court's Order. Plaintiffs now request the Court certify the underlying facts and issue an order to show cause why Samararatne should not be held in contempt.

## II. FACTUAL BACKGROUND

Initially, after serving the subpoena, Samararatne's counsel responded on his behalf, asserting objections and refusing to produce any responsive documents. However, Samararatne and his counsel refused to meet and confer on the telephone after Plaintiffs

MOTION TO HOLD VAJIRA SAMARARATNE IN CIVIL CONTEMPT

1            8:24-MC-00010-DFM

sent their L.R. 37-1 letter. Plaintiffs made several attempts to complete the meet and confer process, but they were unsuccessful.

On November 22, 2023, Plaintiffs caused to be served the Subpoena via email to counsel for Vajira Samararatne. *See* Declaration of Mark L. Javitch ("Javitch Decl.") ¶ 3. On January 24, 2024, counsel for Samararatne, Stephen Dargitz served via email Samararatne's objections to the Subpoena on Samararatne's behalf. *Id*. ¶ 3. On February 21, 2024, counsel for Plaintiffs emailed to Mr. Dargitz Plaintiffs' L.R. 37-1 letter and requested times of availability to meet and confer regarding the objections to the Subpoena to Samararatne. *Id*. ¶ 4. Mr. Dargitz refused to schedule a telephone conference, instead insisting that he would provide a written response to Plaintiffs' letter. *Id*. ¶¶ 5-6. Instead of agreeing to confer, Mr. Dargitz unilaterally served "amended" responses to the Subpoena, asserting additional bases for refusing to produce responsive documents. *Id*. ¶ 7.

On April 12, 2024, Plaintiffs filed this miscellaneous action in this court seeking to enforce the Subpoena served on Samararatne. ECF No. 1. On July 2, 2024, the Court held a hearing on the motion to compel. ECF No. 20. Counsel for Plaintiffs and counsel for Samararatne were present via teleconference. *Id*. On July 8, 2024, the Court entered its written order overruling Samararatne's objections, and directing

> Within fourteen (14) days of the date of this Order, Respondent shall serve supplemental responses to Plaintiffs' Subpoena and produce all responsive documents. If, following a diligent search and reasonable inquiry, Respondent has no responsive documents in his possession, custody, or control, he shall so indicate in his supplemental responses. Respondent's supplemental responses shall be verified by Respondent under penalty of perjury.

On July 10, 2024, counsel for Plaintiffs emailed a copy of the Order to all counsel for Defendants in the underlying action, including Mr. Dargitz. *See* Javitch Decl. ¶ 12. More than 14 days have elapsed since the written order. Samararatne has taken no steps to comply with the Order. Samararatne has not provided any documents, submitted any supplemental responses, or verified under penalty of perjury his responses or statements regarding his search and inquiry.

## III. LEGAL STANDARD

A party may obtain information from a non-party in a case by serving a subpoena. Fed. R. Civ. P. 45. Under Federal Rule of Civil Procedure 45(d)(2)(B)(i), a party may seek and obtain in the district where compliance is required, an order compelling compliance with a subpoena.

"Under Rule 45(g), the district where compliance is required to 'hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.'" *Chaudhry v. Angell*, No. 1:16-CV-01243-SAB, 2021 WL 1711101, at *3 (E.D. Cal. Apr. 29, 2021). And "[a] court may impose sanctions against a nonparty for failure to comply with a subpoena ... [or order] pursuant to Rule 45." *Id*.

Where a party seeks civil contempt, the Magistrate Judge is required to follow the procedure of 28 U.S.C. § 636(e)(6):

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C.A. § 636(e)(6); *see Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (noting that "28 U.S.C. § 636, which governs the jurisdiction and powers of magistrates, requires a magistrate to refer contempt charges to a district court judge").

"Civil contempt is appropriate only when a party fails to comply with a court order that is both specific and definite." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). A party is required to take all reasonable steps within the party's power to ensure compliance with a court's order. *Id*. at 466. The absence of willfulness does not relieve the person from civil contempt. Civil—as distinguished from criminal—contempt is a sanction to enforce compliance with an order of the court or to compensate for losses

or damages sustained by reason of noncompliance. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). The proof for civil contempt must be clear and convincing. *Balla*, 869 F.2d at 466.

"Because civil contempt sanctions are viewed as nonpunitive and avoidable, fewer procedural protections for such sanctions have been required." *Bagwell,* 512 U.S. at 831, 114 S. Ct. 2552. Thus, civil contempt "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Id.* at 827.

One of the paradigmatic civil contempt sanctions is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order. *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999). In addition, under federal law, "[w]henever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information." 28 U.S.C. § 1826.

## IV. ARGUMENT

The Court should certify the facts below to a district court judge so that the district judge can command Samararatne's appearance and hold contempt proceedings. There is no dispute that Samararatne is aware of the Court's Order and has refused to comply. On July 8, 2024, the Court entered a written Order with clear and direct instructions commanding Samararatne to take certain actions to comply with his obligations under the duly served subpoena for documents served by Plaintiffs. ECF No. 21. The Order was served on Samararatne through his counsel on July 10, 2024. *See* Exhibit 1. The deadline set by the Court for compliance has passed, and Samararatne failed to take any action whatsoever to comply with the Order. Javitch Decl. ¶¶ 12-14. Plaintiffs' counsel has not

received any correspondence from Samararatne or his counsel relating to the subpoena since the Order was entered. *Id*.

Therefore, Samararatne is in violation of the July 8, 2024 Order commanding compliance with the Subpoena within 14 days. Samararatne's course of noncompliance is without excuse. Samararatne has opted to flout the process and the authority of the Court. The natural consequences of his inaction and refusal to comply with Court orders is contempt proceedings. Accordingly, Plaintiffs request that the Court certify the facts in the proposed order for the purposes of initiating contempt proceedings.

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs request the Court certify the facts underlying Samararatne's failure to comply with the Court's Order of July 8, 2024, so that the district judge can proceed with a hearing on whether Samararatne should be held in contempt for refusing a direct and clear Order of the Court.

Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (SBN 323729)
mark@javitchlawoffice.com
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorneys for Plaintiffs*
And those similarly situated

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN MATEO

I am 18 years of age and not a party to this action. I am employed in County of San Mateo, State of California. My business address is Javitch Law Office, 3 East 3rd Ave. Ste. 200, San Mateo, California, 94401.

On the dated stated below, I filed this motion to compel, including all declarations and exhibits, via the ECM/CF Case Filing System, which serves all parties of record.

On the dated stated below, I also sent via First Class Mail via U.S. mail and emailed a copy of this motion to counsel for Samararatne:

Stephen D. Dargitz
800 North King Street
Plaza Suite - #1
Wilmington, DE 19801
sdargitz@ohaganmeyer.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on the date stated below at San Mateo County, California.

Date: September 26, 2024          /s/ Mark L. Javitch
                                  Mark L. Javitch