**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KURT MORALES II, BRANDON CALLIER, and LUCAS HORTON,<br><br>      Plaintiffs,<br><br>   v.<br><br>VAJIRA SAMARARATNE,<br><br>      Respondent. | Case No.:  8:24-mc-00010-FWS-DFM<br><br>[~~PROPOSED~~] ORDER |

Plaintiffs KURT MORALES II, BRANDON CALLIER, and LUCAS HORTON move the Court to certify facts and request a hearing before the district judge to determine whether Respondent Vajira Samararatne should be held in civil contempt.

The Court, having reviewed the papers submitted in support of the motion, and any response thereto and good cause appearing therefor:

**THE MOTION IS GRANTED.**

Under 28 U.S.C. § 636 (e)(6)(B), upon the commission of an act constitutes civil contempt in a discovery-related proceeding,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reasons of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct

complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

In accordance with § 636(e)(6), the Court certifies the following facts, which the Court determines Plaintiffs have shown with clear and convincing evidence:

1. On July 2, 2024, the Court held a hearing on Plaintiffs' motion to compel compliance with Rule 45 subpoena duces tecum against third party Vajira Samararatne. ECF No. 1

2. Samararatne had due notice of the hearing because the Court sent notice of the hearing to Samararatne's counsel Stephen Dargitz via

3. Counsel for Samararatne was present at the July 2 hearing and was given an opportunity to be heard.

4. On July 8, 2024, the Court entered a written Order with clear and direct instructions commanding Samararatne to take certain actions to comply with his obligations under the duly served subpoena for documents served by Plaintiffs. ECF No. 21.

5. On July 10, 2024, the Order was served on Samararatne through his counsel. *See* Exhibit 1 attached to Javitch Decl. ¶¶ 12-14.

6. The deadline set by the Court for compliance has passed and Samararatne has failed to take any action whatsoever to comply with the Order.

7. Plaintiffs' counsel has not received any correspondence from Samararatne or his counsel relating to the subpoena since the Order was entered.

8. Therefore, Samararatne is in violation of the court Order commanding compliance with the Subpoena.

Accordingly, the Court **COMMANDS** Vajira Samararatne to appear before the Honorable Fred. W. Slaughter, Courtroom 10D Ronald Reagan Federal Building and U.S.

1 | Courthouse, 411 West 4th Street, Santa Ana, California 92701, on February 27, 2025
2 | _____, XXXX at  10:00  am., and show cause why he should not be held in civil contempt
3 | by reason of the facts certified herein.

**IT IS SO ORDERED.**

DATED: November 19, 2024

*[signature]*

Honorable Douglas F. McCormick
United States Magistrate Judge