# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| KURT MORALES II et al., <br><br> Plaintiff(s), <br><br> v. <br><br> VAJIRA SAMARARATNE, <br><br> Defendant. | No. SA CV 24-MC-00010-FWS (DFM) <br><br> CERTIFICATION OF FACTS AND ORDER TO SHOW CAUSE WHY VAJIRA SAMARARATNE SHOULD NOT BE HELD IN CONTEMPT |

     Vajira Samararatne has failed to comply with the Court's July 8, 2024 order requiring further responses to Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. As discussed below, the Court certifies the following facts and orders Samararatne to appear before the assigned district judge to show cause why he should not be adjudged in contempt for failure to comply with a subpoena and associated order. **Samararatne is warned that his failure to comply with this Order may result in contempt sanctions including attorney's fees and his arrest by the United States Marshals Service.**

## I.  BACKGROUND

This subpoena enforcement action arises out of a Telephone Consumer Protection Act class action filed in the United States District Court for the District of Delaware, Morales v. Sunpath Ltd., et al., No. 20-01376-JLH-SRF (D. Del.). In that action, Plaintiffs allege that various companies conspire to sell vehicle service contracts through illegal robocalling. See Dkt. 1 at 8, Ex. A (Fifth Amended Class Action Complaint). Plaintiffs allege that third-party Vajira Samararatne ("Samararatne") participates in the placement of unlawful robocalls by co-owning and running call centers. See id. at 8, 11.

On November 22, 2023, Plaintiffs served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on Samararatne via email to his counsel, Stephen Dargitz ("Dargitz"). See Dkt. 24 at 4, Declaration of Mark L. Javitch ("Javitch Decl.") ¶ 3.[1] On January 24, 2024, Dargitz served via email Samararatne's objections

---

[1] A Rule 45 subpoena must be served by "delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). "The majority of courts understand 'delivering' to require personal service of the subpoena." Fujikura Ltd. v. Finisar Corp., No. 15-80110, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015). However, some courts have permitted substitute service of a Rule 45 subpoena under circumstances where "the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." In re Subpoena to VaughnPerling, No. 19-00083, 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019) (quoting Chambers v. Whirlpool Corp., No. 11-1733, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016)).

Here, it is clear that Plaintiffs' method of service of emailing the subpoena to counsel was sufficient to ensure Samararatne had notice of the subpoena. After receiving the subpoena via email, Samararatne filed objections and affirmatively participated in the case through Dargitz who appeared on his behalf at the July 2, 2024 hearing on Plaintiff's motion to compel. See Dkt. 1 at 12, Exs. O (Vajira Samararatne's Responses & Objections to Subpoena) & S (Vajira Samararatne's Amended Responses to Subpoena).

to the subpoena. See id., Javitch Decl. ¶ 4; Dkt. 1 at 12, Ex. O (Vajira Samararatne's Responses & Objections to Subpoena). On February 21, 2024, Plaintiffs' counsel emailed a letter to Dargitz requesting to meet and confer via telephone to discuss Samararatne's objections. See Dkt. 24 at 4, Javitch Decl. ¶ 5; Dkt. 1 at 12, Ex. P (Meet and Confer Letter). Dargitz declined to schedule a telephone conference and instead served amended responses to the subpoena, asserting additional objections. See Dkt. 24 at 12, Javitch Decl. ¶ 6-7; Dkt. 1 at 12-13, Exs. S (Vajira Samararatne's Amended Responses to Subpoena) & U (emails regarding meet and confer).

On April 12, 2024, Plaintiffs filed with this Court a Motion to Compel Compliance with Rule 45 Subpoena Duces Tecum Against Third Party Vajira Samararatne. See Dkt. 1. On July 2, 2024, the undersigned Magistrate Judge held a hearing on Plaintiffs' motion to compel; both Plaintiffs' counsel and Dargitz were present via teleconference. See Dkt. 20. On July 8, 2024, the Court entered an Order Granting Motion to Compel Further Discovery Responses, overruling Samararatne's objections and directing:

> Within fourteen (14) days of the date of this Order, Respondent shall serve supplemental responses to Plaintiffs' Subpoena and produce all responsive documents. If, following a diligent search and reasonable inquiry, Respondent has no responsive documents in his possession, custody, or control, he shall so indicate in his supplemental responses. Respondent's supplemental responses shall be verified by Respondent under penalty of perjury.

See Dkt. 21 at 1-2. On July 10, 2024, Plaintiffs' counsel emailed a copy of the Court's order to Dargitz. See Dkt. 24 at 4, Javitch Decl. ¶ 12 & Ex. 1 (emails regarding order). Dargitz did not respond. See id.

Samararatne failed to take any action to comply with the Court's July 8, 2024 order. See id. at 6, Javitch Decl. ¶14. Accordingly, on September 26,

3

2024, Plaintiffs filed a Motion for Contempt Against Vajira Samararatne, set for hearing on November 12, 2024 at 10:00 am before the undersigned Magistrate Judge. See Dkt. 24. In their contempt motion, Plaintiffs request the Court "certify the facts underlying Samararatne's failure to comply with the Court's Order [on] July 8, 2024, so that the district judge can proceed with a hearing on whether Samararatne should be held in contempt for refusing a direct and clear Order of the Court." Id. at 7. Samararatne neither filed anything nor appeared at the November 12, 2024 hearing.

## II. APPLICABLE LAW

"Civil contempt is appropriate only when a party fails to comply with a court order that is both specific and definite." Balla v. Idaho State Bd. Of Corr., 869 F.2d 461, 465 (9th Cir. 1989). Pursuant to Rule 45(g), a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). This is the only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena. See Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983) (as amended) (discussing previous version of Rule 45). When a party seeks contempt sanctions against a nonparty, the nonparty has a right to notice and an opportunity to be heard. See S.E.C. v. Hyatt, 621 F.3d 687, 696-97 (7th Cir. 2010).

When an act "constitut[ing] a civil contempt" occurs in a discovery-related proceeding,

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in

4

contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6); see also Assignment of Duties to Magistrate Judges, C.D. Cal. Gen. Order 05-07 (2005). In certifying the facts under § 636(e), the magistrate judge's role is to determine whether the moving party can assert sufficient evidence to establish a prima facie case of contempt. See Proctor v. State Gov't of N.C., 830 F.2d 514, 521 (4th Cir. 1987).

In the Ninth Circuit, a party alleging that another person should be held in civil contempt must establish by clear and convincing evidence that the alleged contemnor "violated the court order," "beyond substantial compliance," "not based on a good faith and reasonable interpretation of the order." Labor/Cmty. Strategy Ctr. v. L.A. Cty. Metro. Transp. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993)). Once that prima facie showing is made, the burden shifts to the alleged contemnor to "produce evidence explaining [her] noncompliance." United States v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999) (citing Chairs v. Burgess, 143 F.3d 1432, 1436 (11th Cir. 1998)). In making a contempt determination, a court may consider "the witness'[s] history of non-compliance and the extent to which the witness failed to comply during the pendency of the motion for contempt." Martinez v. City of Avondale, No. 12-1837, 2013 WL 5705291, at *4 (D. Ariz. Oct. 18, 2013).

A nonparty's noncompliance with a subpoena may warrant contempt sanctions. See Pennwalt Corp., 708 F.2d at 494 n.5; LHF Prods., Inc. v. Doe, No. 16-00716, 2016 WL 6208269, at *2 (D. Or., Oct. 21, 2016). Upon a

finding of a willful failure to comply with a court order, a contemnor may be jailed until compliance with the district court's order. See S.E.C. v. Elmas Trading Corp., 824 F.2d 732 (9th Cir. 1987) ("When the petitioners carry the 'keys of their prison in their own pockets,' the action is 'essentially a civil remedy.'") (quoting Shillitani v. United States, 384 U.S. 364, 368 (1965)); Martinez, 2013 WL 5705291, at *4. A civil contempt order must be accompanied by a "purge" condition, meaning that it must give the contemnor an opportunity to comply with the order before payment of the fine or other sanction becomes due. See Koninklijke Philips Elec. N.V. v. KXD Tech., Inc., 539 F.3d 1039, 1042-43 (9th Cir. 2008); Martinez v. City of Pittsburg, No. 11-01017, 2012 WL 699462 at *3 (N.D. Cal. Mar. 1, 2012); see also Shell Offshore v. Greenpeace, Inc., 815 F.3d 623, 629 (9th Cir. 2016) ("the ability to purge is perhaps the most definitive characteristic of coercive civil contempt").

### III.  CERTIFICATION OF FACTS

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the following facts to the district judge assigned to this matter:

1. On November 22, 2023, Plaintiffs' subpoena was served on Samararatne via email to his counsel, Stephen Dargitz.
2. On January 24, 2024, Dargitz served via email to Plaintiffs' counsel Samararatne's objections to the subpoena.
3. On February 21, 2024, Plaintiffs' counsel emailed Dargitz a letter requesting times of availability to meet and confer regarding Samararatne's objections to the subpoena.
4. On March 4, 2024, instead of scheduling a time to meet and confer, Dargitz served amended responses to the subpoena, asserting additional objections.

5. On April 12, 2024, Plaintiffs filed a Motion to Compel Compliance with Rule 45 Subpoena Duces Tecum Against Third Party Vajira Samararatne.

6. On July 2, 2024, the undersigned Magistrate Judge held a hearing on Plaintiffs' motion to compel, with both Plaintiffs' counsel and Dargitz present via teleconference.

7. On July 8, 2024, the Court entered an Order Granting Motion to Compel Further Discovery Responses, overruling Samararatne's objections and requiring Samararatne serve supplemental responses and produce all responsive documents within fourteen (14) days of the date of the order.

8. On July 10, 2024, Plaintiffs' counsel emailed a copy of the Court's July 8, 2024 order to Dargitz.

9. The deadline set by the Court's July 8, 2024 order passed, and Samararatne failed to serve supplemental responses or produce responsive documents.

10. On September 26, 2024, Plaintiffs filed a Motion for Contempt Against Vajira Samararatne, set for hearing on November 12, 2024 before the undersigned Magistrate Judge.

11. Samararatne did not appear at the November 12, 2024 hearing, or otherwise respond to Plaintiffs' contempt motion.

12. Samararatne has made no attempt to provide an explanation for his noncompliance with Court orders.

Based on these facts, Plaintiff has shown by clear and convincing evidence that Samararatne failed to comply with clear and definite court orders—both the November 22, 2023 subpoena and the Court's July 8, 2024 order. See Martinez, 2012 WL 699462, at *2 ("Subpoenas issued by attorneys are issued on behalf of the court and thus are treated as orders of the court.").

The undersigned orders Samararatne to appear before the assigned district court to show cause why he should not be adjudged in contempt by reason on these facts.

## IV. ORDER

IT IS THEREFORE ORDERED that:

1. Vajira Samararatne shall appear before the Honorable Fred W. Slaughter in Courtroom 10D, Tenth Floor, United States District Court, 411 West 4th Street, Santa Ana, California, 92701-4516, on February 27, 2025, at 10:00 a.m., to show cause why he should not be adjudged in contempt by reason of the facts certified herein.

2. The United States Marshals Service is directed to personally serve a signed copy of this Order on Vajira Samararatne as soon as practicable at 26 Blue Grass, Irvine CA 92603, or any other address where he may be located. The United States Marshals Service shall promptly file a return of service upon service of this Order.

3. Samararatne shall have thirty (30) days from the date of service of this Order to fully comply with the Court's July 8, 2024 order or show by clear and convincing evidence why compliance is impossible. Plaintiff's counsel's information is as follows: Mark L. Javitch, Javitch Law Office, 3 East 3rd Avenue, Suite 200, San Mateo, CA 94401, Tel: (650) 781-8000, Email: mark@javitchlawoffice.com.

4. Plaintiffs shall immediately inform the Court if Samararatne complies with the Court's July 8, 2024 order.

///

///

///

Samararatne is again warned that his failure to comply with this Order may result in contempt sanctions including attorney's fees and/or his arrest by the United States Marshals Service.

Date: November 21, 2024

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge